IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

DELCENE WOODBERRY,

    Plaintiff,

v.                                Case No.: PWG-18-551

DOLLAR TREE STORES, INC,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

The Amended Complaint alleges that Dollar Tree Stores, Inc. ("Dollar Tree") "has policies of loading their carts very high to the top for storage," and its "employees are instructed to load the carts high and move them for storage." Am. Compl. ¶ 7, ECF No. 16.[1] Such practices have led to injuries and, as a result, Dollar Tree (albeit at different stores than the one where the incident giving rise to this lawsuit occurred) has incurred numerous citations. *Id.* ¶¶ 18-25. In keeping with this practice, on May 19, 2016, a Dollar Tree employee was pushing a cart piled so high with boxes that he could not see in front of him. *Id.* ¶ 6. "[S]uddenly and without warning," the employee's cart struck Plaintiff Delcene Woodberry in the back, making her fall and severely injuring her. *Id.* ¶¶ 4–5. The employee then "ran away." *Id.* ¶ 6. Woodbury has sued Dollar Tree for negligence and gross negligence while also seeking punitive damages. Dollar Tree has filed a partial motion to dismiss the gross negligence claim and the claim for

---

[1] When considering a motion to dismiss, I accept the plaintiff's well-pleaded factual allegations as true. *See Aziz v. Alcolac*, 658 F.3d 388, 391 (4th Cir. 2011).

punitive damages. ECF No. 17.[2] Because Woodberry has stated a claim for gross negligence but not punitive damages, I will deny the motion as to the gross negligence claim but grant it with regard to punitive damages.

*Standard of Review*

Pursuant to Rule 12(b)(6), a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Thus, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

*Gross Negligence Claim*

Gross negligence is "something *more* than simple negligence, and likely more akin to reckless conduct." *Barbre v. Pope*, 935 A.2d 699, 717 (Md. 2007) (quoting *Taylor v. Harford Cty. Dep't of Soc. Servs.*, 862 A.2d 1026, 1035 (Md. 2004) (emphasis in original)). It is

> an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them. Stated conversely, a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist.

---

[2] The parties fully briefed the motion. ECF Nos. 17-1, 22, 23. A hearing is not necessary. *See* Loc. R. 105.6.

2

*Id.* (quoting *Liscombe v. Potomac Edison Co.*, 495 A.2d 838, 846 (Md. 1985)). "Ordinarily, unless the facts are so clear as to permit a conclusion as a matter of law, it is for the trier of fact to determine whether a defendant's negligent conduct amounts to gross negligence." *Rodriguez v. State*, 98 A.3d 376, 391 (Md. Ct. Spec. App. 2014). Thus, whether or not gross negligence exists "'is usually a question for the jury and is a question of law only when reasonable men could not differ as to the rational conclusion to be reached.'" *Id.* (quoting *Romanesk v. Rose*, 248 Md. 420, 423 (1968)). "Under the doctrine of respondeat superior, an employer is jointly and severally liable for the torts committed by an employee acting within the scope of employment." *See e.g. Oaks v. Connors*, 660 A.2d 423, 426 (1995); *see also Smith v. Gray Concrete Pipe Co., Inc.*, 297 A.2d 721, 733-34 (Md. 1972) (finding that because the employee was not grossly negligent the employer could not be liable on the basis of agency)[3]. In addition to this potential liability on the basis of agency, an employer can be held to have acted in a grossly negligent manner when their conduct "reflects a premeditated decision, deliberately arrived at, by an indifferent employer in possession of facts which should have indicated almost certain harm to others." *Smith v. Gray Concrete Pipe Co., Inc.*, 297 A.2d 721, 734 (Md. 1972).

Accepting the facts as Ms. Woodberry alleges them, as I must do at this point in the litigation, *see Aziz* at 391, an employee of Dollar Tree ran into her with a cart stacked so high with boxes that he could not see her in front of the cart and then proceeded to run away when she fell. Additionally, other Dollar Tree stores have been fined for "willful violations" creating "safety problems," such as "[m]any boxes . . . stacked precariously and so high they easily could have fallen on employees or customers," which "a state "agency reported that customers complained." Am. Compl. ¶ ¶ 23. Another location was fined "for safety violations . . . for

---

[3] The employer was subsequently found grossly negligent in its own right. *Smith* at 734.

blocking fire exits and other safety violations with the carts"; there, "[t]he store would pile boxes, weighing up to 45 pounds to be haphazardly stacked in the storage room on carts exposing workers to crushing injuries." *Id.* ¶ 19. Thus, "Dollar [Tree] has known that pushing and storing its products on carts in the aisles is very dangerous and unsafe to its customers, and that the company had done nothing to correct the violations," and this collision was the result of these unsafe practices encouraged by Dollar Tree. *Id.* ¶ 25. A reasonable person could find that, for the employee to push a cart when he could not see in front of him, and for Dollar Tree to encourage this practice when it has been placed on notice of its dangers at other stores is "something *more* than simple negligence." *Barbre*, 935 A.2d at 717. It would be reasonable to find that it shows "a thoughtless disregard of the consequences without the exertion of any effort to avoid them." *Id.* Therefore, the facts as alleged by Ms. Woodberry are sufficient to survive Dollar Tree's motion to dismiss. If the jury finds that the evidence supports these allegations and that Dollar Tree was negligent, the jury then can determine if such negligence rose to the level of gross negligence. Because "reasonable men could . . . differ as to the rational conclusion to be reached," it is not for the Court to decide now if the conduct described does or does not arise to the level of gross negligence. *See Rodriguez* at 599.

*Punitive Damages Claim*

Maryland courts have held that "with respect to both intentional and non-intentional torts, ... an award of punitive damages must be based upon actual malice, in the sense of conscious and deliberate wrongdoing, evil or wrongful motive, intent to injure, ill will or fraud." *Scott v. Jenkins*, 690 A.2d 1006 (Md. 1997). Furthermore, these courts have imposed a strict pleading requirement in punitive damages cases. *See id.* "No bald or conclusory allegations of 'wanton or reckless disregard for human life' or language of similar import, shall withstand attack on

4

grounds of insufficiency." *Id.* (quoting *Smith v. Gray Concrete Pipe Co., Inc.*, 297 A.2d 721 at 732 (Md. 1972)) (internal quotation marks removed).

Ms. Woodberry's original complaint did not cite to any examples of actual malice in the actions of the employee or Dollar Tree. Compl., ECF No. 2. After Dollar Tree identified the deficiencies in its pre-motion conference request, ECF No. 11, Ms. Woodberry submitted the Amended Complaint to rectify. In her view, the fact that the employee ran away shows malice. See Pl.'s Opp'n 7. But, he ran away *after* the collision; that act cannot support a finding that he deliberately struck Woodberry. Moreover, as Dollar Tree argues, "Plaintiff asserts that the Dollar Tree employee piled his cart so high such that he could *not* see Plaintiff and, as a result, ran his cart into her back. If, as Plaintiff alleges, the employee could not see her, then it would have been impossible for his actions to have been completed with actual malice." Def.'s Mem. 6.

Even with the benefit of Dollar Tree's identification of her pleading deficiencies and the opportunity to amend, Woodberry still does not allege what made the conduct amount to actual malice, only that "Dollar Tree, through its employees, acted with actual malice." Am. Compl. ¶ 26. This is insufficient to meet the pleading requirements for punitive damages and is a clear example of a "bald or conclusory allegation." *See Scott* at 1006; *Smith* at 732. Ms. Woodberry also alleges that the "employee knew that he could not see in front of his cart. He did not care ... for the safety of the plaintiff and the public. The employee's actions of moving the highly piled cart in his condition was done intentionally and with recklessness and malice...." Am. Compl. ¶ 18. The conduct described here, intentionally moving a cart piled with boxes, does not support a finding of an evil or wrongful motive, especially in light of Woodberry's allegation that the employee moved the overloaded cart because that is what his employer told him to do (not because he was motivated by malice or wrongful motive). Therefore, her claim for punitive

damages must be dismissed. *See Scott* at 1006; *Smith* at 732. And, because Woodberry had the opportunity to cure this deficiency yet failed to do so, dismissal will be with prejudice. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825-26 (D. Md. 2013); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is, this 19th day of November, 2018, hereby ORDERED that

1. Dollar Tree's Partial Motion to Dismiss, ECF No. 17, IS GRANTED IN PART AND DENIED IN PART AS FOLLOWS:

    a. The Motion to Dismiss the Gross Negligence claim is DENIED and

    b. The Motion to Dismiss the Punitive Damages claim is GRANTED.

    _____
    Paul W. Grimm
    United States District Judge